UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-34-SEB-KPF-01 |
| v. | |
| CHRISTOPHER SPAULDING | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cr-00034-SEB-KPF |
| ) | |
| CHRISTOPHER SPAULDING, ) -01 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Christopher Spaulding has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 241. Mr. Spaulding seeks immediate release from incarceration or, alternatively, a reduced period of incarceration. Dkt. 254. For the reasons explained below, his motion is **denied**.

**I.    Background**

In 2007, Mr. Spaulding was sentenced to a total of 360 months and 1 day in prison and 3 years of supervised release after he pleaded guilty to: (1) one count of theft of government property, in violation of 18 U.S.C. § 641 (Count 2); (2) one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 3); (3) two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 4 and 7); and two counts of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts 5 and 6). The sentence consisted of concurrent sentences of 1 day for Counts 2, 3, 5, and 6; a consecutive 60-month sentence for Count 4; and another consecutive 300-month sentence for Count 7. Dkt. 175. Under the law as it existed at the time, the first § 924 count carried a mandatory minimum sentence of 60 months and the second § 924 count carried a mandatory minimum

sentence of 300 months, to be served consecutively to the sentence for the first count. *See* 18 U.S.C. § 924(c)(1) (effective Oct. 6, 2006 to Dec. 20, 2018). Thus, the lowest sentence the Court could have imposed was 360 months (or 30 years).

Mr. Spaulding is currently 41 years old. He has been incarcerated for more than 14 years and is currently housed at FCI Ashland in Ashland, Kentucky The BOP lists his anticipated release date, with good-conduct time included, as December 7, 2032. https://www.bop.gov/inmateloc/ (last visited July 20, 2021).

Mr. Spaulding filed a pro se motion requesting compassionate release under § 3582(c)(1)(A) and a supplement. Dkts. 241, 242. The Court appointed counsel to represent Mr. Spaulding, dkt. 243, and appointed counsel filed a supporting memorandum on Mr. Spaulding's behalf, dkt. 254. The United States responded, dkt. 256, and Mr. Spaulding replied, dkt. 260. Thus, his motion is ripe for review.

**II.  Legal Standard**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

**III.    Discussion**

Mr. Spaulding argues that he has established extraordinary and compelling reasons for release because he would likely receive a much shorter sentence if sentenced today. Dkt. 254. He contends that the Court should also consider the length of his sentence and his demonstrated rehabilitative and vocational efforts in determining whether to grant him compassionate release. *Id*. He also argues that his need to care for his ailing parents is an extraordinary and compelling reason warranting release. *See* dkts. 241, 260. Finally, Mr. Spaulding argues that he would not be a danger to the community if released and that the sentencing factors in § 3553(a) favor his release. Dkts. 254, 260. In response, the United States argues that Mr. Spaulding has not shown extraordinary and compelling reasons warranting relief and that the sentencing factors in § 3553(a) do not favor release, emphasizing that Mr. Spaulding was involved in "extreme incidents of police corruption." Dkt. 256.

As explained below, Mr. Spaulding has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

  A.    *Change to Mandatory Minimum Sentence and Length of Sentence*

Mr. Spaulding argues that he has presented extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he received an extraordinarily long sentence, as evidenced by the fact that he would face a shorter mandatory minimum sentence if sentenced today. Specifically, § 403 of the First Step Act of 2018 amended § 924(c). First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). Under the amended statute, if Mr. Spaulding were sentenced today, he would not face a mandatory 360-month sentence. Instead, he would face only a mandatory 120-month sentence— representing mandatory, consecutive 60-month sentences for his two § 924(c) convictions. *Id.* He argues that

the disparity between the sentence he received and the sentence he would likely receive if sentenced today is an extraordinary and compelling reason warranting relief.

The U.S. Court of Appeals for the Seventh Circuit has recently rejected this argument. In *United States v. Thacker*, __ F.4th __, No. 20-2943, 2021 WL 2979530, at *1, 3–4 (7th Cir. July 15, 2021), the court held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction" because Congress explicitly declined to make the change retroactive. In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief, but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at *3. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence. *Id.* at *4.

The holding and rationale of *Thacker* forecloses Mr. Spaulding's arguments that the length of his sentence and the fact that he would likely receive a shorter sentence if sentenced today are extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A). Thus, the Court does not consider those arguments in deciding whether Mr. Spaulding has shown an extraordinary and compelling reason warranting a sentence reduction. *See id.* at *6 ("At step one, the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c).").

    B.    *Other Factors*

Without his arguments about the length of his sentence, Mr. Spaulding is left only with an argument that his demonstrated rehabilitation (as evidenced by his good conduct and educational and vocational efforts) and his desire to care for his parents constitute extraordinary and compelling reasons warranting relief. The Court recognizes that Mr. Spaulding has pursued educational opportunities, has maintained employment during his incarceration, and has kept a clean disciplinary record. *See* dkt. 241-1. The Court applauds Mr. Spaulding for his efforts at rehabilitation and his good conduct. However, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Mr. Spaulding also relies on his desire to care for his parents, arguing that it combines with his rehabilitation and the other facts to establish extraordinary and compelling reasons for relief. The Court disagrees. Mr. Spaulding states that his parents suffer from debilitating medical conditions and need him to assist in their care, but he has not submitted any evidence supporting this claim.[1] And, while Mr. Spaulding states that his sister needs his help to care for his parents, dkt. 241 at 5, he has not submitted any evidence suggesting that other family members are unavailable to provide assistance. Regardless, many defendants have ailing parents whom they would like to support. While the Court empathizes with Mr. Spaulding's desire to care for his parents, it is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), whether alone or in combination with any other factors. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants

---

[1] With his reply, Mr. Spaulding submitted a document from the Department of Veterans Affairs. Dkt. 260-1. The document shows that Mr. Spaulding's father was found to have a number of service-related conditions that resulted in the assignment of a disability rating. *Id.* However, the document also states that entitlement to individual unemployability was denied, *id.*, suggesting that Mr. Spaulding's father was not incapacitated by his conditions.

requesting compassionate release to care for elderly or ill parent); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-1, dkt. 33 (S.D. Ind. Aug. 12, 2020) (same); *United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (same); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

**IV.     Conclusion**

For the reasons stated above, Mr. Spaulding's motion for compassionate release, dkt. [241], is **denied**.

**IT IS SO ORDERED.**

Date:     7/27/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel