UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER SPAULDING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01463-SEB-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C.
§ 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

Christopher Spaulding pled guilty to six charges in this Court in 2007 and is now serving an aggregate 30-year prison sentence. Mr. Spaulding now asks the Court to vacate the 25-year sentence associated with one of those charges pursuant to 28 U.S.C. § 2555.

Mr. Spaulding's request for relief is barred by the doctrine of procedural default and, in any event, fails on the merits. The Court therefore denies his § 2255 motion, dismisses this action with prejudice, and denies a certificate of appealability.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Mr. Spaulding, who was a Reserve Deputy with the Marion County Sheriff's Department, pled guilty to stealing government property, selling marijuana, and possessing a firearm in furtherance of a drug trafficking offense. Crim. dkt.[1] 175. Three events are relevant to his § 2255 motion.

First, on February 8, 2007, Mr. Spaulding stole 16 pounds of marijuana from a motel room rented by undercover officers. He drove to a Meijer parking lot and gave the drugs to a confidential informant, who agreed to pay $4,000 for the marijuana. Mr. Spaulding had his service weapon during the theft and the exchange. On February 12, the informant delivered $4,000 to Mr. Spaulding at a restaurant parking lot. *See generally* crim. dkt. 267 at 21:17–26:19 (plea hearing transcript; factual basis).

Second, on February 17, 2007, Mr. Spaulding sold two pounds of marijuana to the confidential informant in a controlled buy at an Auto Zone parking lot. *Id.* at 26:20–37:7.

Third, on March 2, 2007, Spaulding sold a pound of marijuana to the confidential informant at the Meijer parking lot. He had his service weapon with him during this transaction. *Id.* at 27:8–28:7.

The Court sentenced Mr. Spaulding to one-day concurrent sentences on the theft and trafficking charges. Crim. dkt. 175. Possessing a firearm during or in relation to a crime of violence or a drug trafficking crime carried a minimum five-year sentence. 18 U.S.C. § 924(c)(1)(A)(i) (eff.

---

[1] *United States v. Christopher D. Spaulding*, No. 1:07-cr-00034-SEB-KPF-1.

Oct. 6, 2006– Dec. 20, 2018). But "a second or subsequent conviction under" § 924(c)(1) carried a 25-year minimum sentence. 18 U.S.C. § 924(c)(1)(C)(i). At the time, a defendant convicted of two § 924(c)(1) offenses in the same case faced a five-year minimum sentence for one and a 25-year minimum sentence for the other. *See Deal v. United States*, 508 U.S. 129 (1993); *United States v. Davis*, 588 U.S. 2324, n.1 (2019) ("When this case was tried, a defendant convicted of two § 924(c) violations in a single prosecution faced a 25-year minimum for the second violation.") (citing *Deal*, 508 U.S. at 132). Therefore, the Court imposed an aggregate, statutory minimum sentence of 30 years and one day.

### III. Discussion

Mr. Spaulding asserts that he cannot be subjected to § 924(c)(1)(C)'s second-or-subsequent enhancement following the Supreme Court's 2022 decision in *Wooden v. United States*. *Wooden* considered § 924(e)(1), which subjects a defendant to a sentence enhancement if he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Wooden's predicate convictions were all for burglaries—specifically, for burglarizing ten units in one storage facility in one night. *Wooden*, 595 U.S. 360, 362–63 (2022). The Court held that Wooden's "ten burglary convictions were for offenses committed on a single occasion" and therefore could not supply multiple predicate convictions for the § 924(e) enhancement. *Id.* at 376.

Mr. Spaulding argues that *Wooden* extends to prohibit the "stacking" of his § 924(c) convictions. Dkt. 1 at 4. In other words, his firearms offenses—like Wooden's storage unit burglaries—"occurred as part of a series of actions." *Id.* He reasons that, under *Wooden*, he cannot be sentenced to the five-year minimum for possessing a gun during the February 2007 theft and drug sale *and* to the 25-year minimum for possessing a gun during the March 2007 drug sale.

3

Mr. Spaulding's petition fails both on its merits and under the doctrine of procedural default, which overlap in this case.

Procedural default requires the dismissal of "[a]ny claim that could have been raised originally in the trial court and then on direct appeal [but] is raised for the first time on collateral review." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). A § 2255 petition is not a substitute for direct appeal. *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015).

A petitioner may raise a constitutional claim for the first time in a collateral attack if he can show cause for the procedural default and prejudice from the failure to appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show cause, the petitioner must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner is unable to demonstrate both cause and prejudice, he may obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice—that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Mr. Spaulding states that he could not have raised a *Wooden* defense at sentencing or on direct appeal because the Supreme Court did not decide *Wooden* until 15 years after his conviction. He is correct that a § 2255 movant can show cause by demonstrating that "the factual or legal basis for a claim was not reasonably available to counsel" in the earlier proceeding. *Murray*, 477 U.S. at 489. The Court need not determine whether a *Wooden*-like defense was available at sentencing or on direct appeal, however, because Mr. Spaulding cannot demonstrate prejudice, and he has not attempted to demonstrate actual innocence.

4

The Seventh Circuit has not applied *Wooden* to § 924(c)(1)(C). Unlike § 924(e), § 924(c)(1)(C)'s second-or-subsequent enhancement did not require that the offenses occur on separate occasions.

Perhaps more problematic for Mr. Spaulding, the Seventh Circuit has not applied *Wooden* to hold that criminal acts occurring weeks apart—like his firearms offenses—are part of one incident for sentencing purposes. *See United States v. Erlinger*, 77 F.4th 617, 622 (7th Cir. 2023) ("[T]he felonies took place on three different dates and at three different businesses . . . . With the *Wooden* criteria in mind, . . . Erlinger's Dubois County burglaries were committed on different occasions."); *United States v. Richardson*, 60 F.4th 397, 399 (7th Cir. 2023) ("There is no colorable argument that the second and third robberies occurred on the same occasion given that the 36 hours that separated them."); *United States v. Howard*, No. 21-3295, 2022 WL 10966513, at *2 (7th Cir. Oct. 19, 2022) ("Weeks passed between Howard's robberies . . . . Thus, any argument that they occurred on the same 'occasion' would be frivolous."). The criminal actions underlying Mr. Spaulding's 924(c) offenses were separated by multiple weeks and a third criminal transaction. As a result, the Court finds no reason to believe Mr. Spaulding could benefit from *Wooden* even if it applied to 924(c)—thus dooming any claim of prejudice *and* any possibility of prevailing on the merits.

Finally, Mr. Spaulding makes no claim of actual innocence and could not do so convincingly. To "prove actual innocence, the petitioner must show 'that more likely than not . . . no reasonable juror would find him guilty beyond a reasonable doubt.'" *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). He does not rely on newly discovered evidence or an argument that he was "convicted of a non-existent crime." *Id.*

5

at 707. To the contrary, Mr. Spaulding contends that he was subjected to a sentencing enhancement that is not totally harmonious with *Wooden*, which does not apply to his case.

In sum, Mr. Spaulding cannot make the showing necessary to avoid procedural default. If he could, his *Wooden* claim would not entitle him to relief on the merits. His petition fails.

### IV.  Conclusion

Mr. Spaulding's motion for relief under 28 U.S.C. § 2255 is **denied**. This action is **dismissed with prejudice**. The **clerk is directed** to **terminate** the pending § 2255 motion in the criminal case (No. 1:07-cr-00034-SEB-KPF-1, dkt. [265]) and to docket a copy of this order in that case.

### V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Spaulding has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:  12/19/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER SPAULDING
08518-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov